IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MUHAMAD ALY RIFAI, M.D.,

      Plaintiff,

  v.                                       CIVIL ACTION
                                                  NO. 15-1395

CMS MEDICAL CARE CORPORATION,
GNADEN HUETTEN MEMORIAL HOSPITAL,
and ANDREW E. HARRIS,

      Defendants.

## MEMORANDUM OPINION

**Schmehl, J.  /s/ JLS**                                                          February 24, 2016

      Before the Court is the motion to dismiss of Defendants, CMS Medical Care Corporation, Gnaden Huetten Memorial Hospital, and Andrew E. Harris ("Defendants"). Plaintiff, Muhamad Aly Rifai, M.D., ("Plaintiff") has opposed the motion, and Defendants have filed a reply. Having read the parties' briefing and after hearing argument, I will grant Defendants' motion to dismiss in part and deny it in part.

**I.      BACKGROUND**

      Plaintiff filed this action against Defendants, and in response to Defendants' Motion to Dismiss, filed an Amended Complaint. Thereafter, Defendants filed a Motion to Dismiss the Amended Complaint, claiming all counts should be dismissed, except for the Wage Payment and Collection Law claim. At oral argument on this motion, the parties agreed that Counts II, IV and VI of the Amended Complaint (PHRA claims) should be dismissed and Defendants withdrew their motion as to the timeliness of Plaintiff's Title VII claims as to CMS and Gnaden Huetten (Counts I and III). Further, Plaintiff agrees that the Title VII claims contained in Counts I and III and the American

with Disabilities Act claim contained in Count V are dismissed as to Defendant Harris only. Accordingly, the remaining issues to be decided are as follows: 1) Defendants' Motion to Dismiss as to Counts IX and X, violation of the right of publicity law and invasion of privacy/appropriation of name or likeness; 2) Defendants' Motion to Dismiss Count XI, the Fair Labor Standards Act claim; 3) Defendants' Motion to Dismiss Count XII, the Pennsylvania Minimum Wage Act claim; 4) Defendants' Motion to Dismiss Count VIII, the breach of contract claim; and 5) Defendants' Motion to Dismiss Count V, the ADA claim as to Defendants, CMS Medical Care Corporation ("CMS") and Gnaden Huetten Memorial Hospital ("GNMH"). For the reasons that follow, I will grant Defendants' Motion to Dismiss as to the violation of right of publicity law, invasion of privacy, FLSA and PMWA claims. I will deny Defendants' Motion to Dismiss as to the ADA claim and the breach of contract claim.

## II.  STATEMENT OF FACTS

Plaintiff, Dr. Muhamad Aly Rifai, was hired by Defendant CMS on or about May1, 2011, to provide medical services at GHMH. (Am. Compl. ¶ 13.) Plaintiff signed a three-year employment contract, commencing May 1, 2011. (Am. Compl. ¶15.) On May 1, 2012, the parties executed a new written three-year employment contract which increased Plaintiff's salary. (Am. Compl. ¶¶ 18, 20.) The second contract, like the first, provided that either Plaintiff or CMS could terminate the agreement by giving the other party at least 120 days' notice of the intent to terminate, or CMS could terminate immediately for cause. (Am. Compl. ¶19.) On January 2, 2013, CMS, through its CEO, Andrew Harris, exercised its right to terminate the employment contract by giving Plaintiff 120 days' notice of its decision to terminate the contract effective May 7, 2013.

(Am. Compl., ¶ 37.) On January 7, 2013, Harris notified Plaintiff that CMS was terminating Plaintiff's employment effective May 7, 2013 for cause. (Am. Compl. ¶ 38.)

### III.     STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that " 'raise a right to relief above the speculative level.' " Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir.2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007.) In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556) (internal quotations omitted).

### IV.     DISCUSSION

Defendants move to dismiss Plaintiff's invasion of privacy/violation of right of publicity law claims due to untimeliness, Plaintiff's FLSA claim because it fails to state a claim and is untimely, and Plaintiff's Pennsylvania Minimum Wage Act claims for their alleged failure to state a claim. Defendants also move to dismiss Plaintiff's breach of

contract and ADA claims. For the reasons that follow, I will dismiss Plaintiff's invasion of privacy/right of publicity, FLSA and PMWA claims. The remainder of Plaintiffs' claims will be permitted to remain.

### A. Invasion of Privacy/Violation of the Right of Publicity Claims.

Defendants first argue that Plaintiff's claims for invasion of privacy (Count X) and violation of the right of publicity law (Count IX) must be dismissed because they are untimely. Plaintiff alleges in his Amended Complaint that defendants used his name and likeness in advertising that "aired on public television regularly over the more than two (2) years since the termination of [his] employment and aired on television as recently as December 2014." (Am. Compl., ¶ 124.) However, an action for invasion of privacy must be commenced within one year of the violation. 42 Pa. C.S. § 5523(1). Plaintiff's claim for violation of the right of publicity law is subject to the two-year torts statute of limitations in Pennsylvania. 42 Pa.C.S. § 5524(7). Defendants allege that Plaintiff didn't file the instant action until March 18, 2015, over two years after his January of 2013 termination, and that accordingly, both the invasion of privacy and the right of publicity law claims are untimely and should be dismissed.

In response, Plaintiff argues that Defendants aired the television commercial using his name and likeness as recently as December of 2014, which was only three (3) months before he filed his Complaint in this matter, and therefore, within the statute of limitations for both claims. In Pennsylvania, a cause of action for invasion of privacy accrues on the date of publication of the defamatory statements. Bradford v. American Media Operations, Inc., 882 F.Supp. 1508, 1517 (E.D. Pa. 1995). "To avoid the potential for endless re-triggering of the statute of limitations, Pennsylvania has adopted the 'single

4

publication rule,' which holds that, for purposes of the statute of limitations, 'any one edition of a book or newspaper, or any one radio, television broadcast, exhibition of a motion picture or similar aggregate communication is a single publication.'" In re Philadelphia Newspapers, LLC, 690 F.3d 161, 174 (3d Cir.2012). "Under this rule, 'it is the original printing/broadcast of the defamatory material and not the circulation of it which results in a cause of action.'" Id.

Plaintiff argues that the single publication rule allows a Plaintiff to choose whichever publication date he or she wishes for statute of limitations purposes. However, a review of the relevant case law shows that this contention is incorrect. See Graboff v. Am. Ass'n of Orthopaedic Surgeons, 559 Fed. Appx. 191, 194-95 (3d Cir. 2014) (stating that "under Pennsylvania law, 'it is the original printing of the defamatory material and not the circulation of it which results in a cause of action'"); Ghrist v. CBS Broad., Inc., 40 F. Supp.3d 623, 627-29 (W.D. Pa. 2014) (finding that the one-year statute of limitations begins to run on the date that a publication is originally aired, and was not "refreshed" each day thereafter that an offending story was published online). I find that the one-year statute of limitations on Plaintiff's invasion of privacy claim began to run in January of 2013, at the time of his discharge, not in December of 2014, the date Plaintiff claims it was most recently aired. Because Plaintiff's Complaint was not filed until March 18, 2015, Plaintiff's invasion of privacy claim is untimely. Similarly, Plaintiff's claim for violation of right of publicity law is also untimely, as the two-year tort statute of limitations for this claim also began to run in January of 2013, and Plaintiff's Complaint was not filed until March of 2015, over two years later.

Accordingly, I will grant Defendants' Motion to Dismiss as to the invasion of privacy and violation of the right of publicity law claims, and dismiss Counts IX and X from Plaintiff's Amended Complaint.

### B. FLSA Claim

Next, Defendants argue that Plaintiff's Fair Labor Standards Act claim should be dismissed because it fails to state a claim. The FLSA requires employers to pay employees both a minimum wage and overtime for any hours worked over forty hours per week. 29 U.S.C. §§ 206(a)(1), 207(a)(1). Plaintiff's Amended Complaint states that "Defendants failed to pay the minimum amount of compensation required by the FLSA to Dr. Rifai for work he performed on January 16, 25 and 30, 2013 for Defendants." (Am. Compl. ¶ 136.) Plaintiff's claim under the FLSA must be dismissed, because he is an exempt employee to whom the minimum wage and overtime requirements do not apply.

Although section 206 of the FLSA guarantees most employees a minimum wage, section 213 of the FLSA provides an exemption to both minimum wage and overtime requirements for physicians. This section states:

> (a) Minimum wage and maximum hour requirements. The provisions of section 6…and 7 [29 U.S.C. §§ 206, 207] shall not apply with respect to – (1) any employee employed in a bona fide executive, administrative or professional capacity...

29 U.S.C. § 213(a). The medical practitioner exception is specifically set out in 29 C.F.R. § 541.304. The exception states that it applies to "physicians and other practitioners licensed and practicing in the field of medical science and healing or any of the medical specialties practiced by physicians or practitioners." 29 C.F.R. § 541.304.

In the instant matter, Plaintiff does not dispute that he is a physician practicing in the field of medical science. Therefore, under section 213 of the FLSA and its defining

6

regulation, 29 C.F.R. § 541.304, Plaintiff is exempt under both section 206 and section 207 of the FLSA's minimum wage and overtime provisions. Accordingly, Defendants' Motion to Dismiss Plaintiff's FLSA claim is granted, and Count XI is dismissed from Plaintiff's Amended Complaint.

### C. PMWA Claim

Defendants argue that Plaintiff's claims under the Pennsylvania Minimum Wage Act should also be dismissed for failing to state a claim. Similar to the FLSA claim, Plaintiff argues that this is a claim for work he performed on January 16, 25 and 30, 2013, and did not receive compensation. As with the FLSA, the PMWA has an exemption for "professionals." The exemptions section specifically states:

> (a) Employment in the following classifications shall be exempt from both the minimum wage and overtime provisions of this act:
> (5) In a bond fide executive, administrative or professional capacity.

43 P.S. § 333.105. As discussed above, Plaintiff is a professional physician and is therefore, exempt under the PMWA. Accordingly, Defendants' Motion to Dismiss Plaintiff's PMWA claim is granted, and Count XII is dismissed from Plaintiff's Amended Complaint.

### D. Breach of Contract Claim

Next, Defendants argue that Plaintiff's breach of contract claim should be dismissed for failure to state a claim upon which relief may be granted. Defendants argue that "from the face of the Amended Complaint, read in conjunction with the attached contract and the letters of termination, that Plaintiff has not established that there was a breach of duty imposed by the contract." (Defs' Brief, p. 15.) Defendants further argue

7

that the contract provided for immediate "for cause" termination, which is what was implemented by Defendants in their firing of Plaintiff.

However, a review of the Amended Complaint shows multiple breaches of the employment contract alleged by Plaintiff. (Am. Compl. ¶¶ 110-120.) At this stage of the proceedings and accepting the facts in the light most favorable to Plaintiff, I find that Plaintiff has pled sufficient facts to establish a breach of contract. Accordingly, Defendants' Motion to Dismiss as to the breach of contract claim is denied.

### E. ADA Claim

Lastly, Defendants argue that Plaintiff's claim for a violation of the Americans with Disabilities Act should be denied due to its failure to state a claim. In his Amended Complaint, Plaintiff alleges that Defendants terminated him on the basis of a perceived disability. Under the ADA, a plaintiff must establish a *prima facie* case of discrimination by demonstrating: 1) he is a disabled person within the meaning of the ADA; 2) he is otherwise qualified to perform the essential functions of his job; and 3) he has suffered an adverse employment decision as a result of discrimination. Ramage v. Rescot Sys. Grp., Inc., 834 F.Supp.2d 308, 318 (E.D. Pa. 2011). The ADA defines "disability" as (A) a physical or mental impairment that substantially limits one or more major life activities of such an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1). In this matter, Plaintiff claims that he suffered from a disability under the ADA because he was "regarded as having such an impairment." The ADA defines "regarded as having such an impairment" as follows:

> (A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an

>actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.
>
>(B) Paragraph 1(C) shall not apply to impairments that are transitory or minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

42 U.S.C. § 12102(3). A plaintiff may be "regarded as" disabled if: (1) he has a physical or mental impairment that does not substantially limit major life activities but is treated by the covered entity as constituting such impairment; (2) he has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or (3) he has no such impairment but is treated by a covered entity as having a substantially limiting impairment. Ramage, 834 F. Supp. 2d at 323.

In this matter, Defendants argue that Plaintiff's allegations fail to show that they were aware that Plaintiff may have been disabled by a mental impairment or that they perceived him to be so disabled. However, after a thorough review of Plaintiff's Amended Complaint, I find that Plaintiff has sufficiently pled facts to support a claim for a violation of the ADA, as I find that Plaintiff sets forth sufficient facts to demonstrate that Defendants regarded him as having an impairment. Plaintiff's Amended Complaint states: "At or around the time that CMS terminated Dr. Rifai's employment, Defendants and others at their direction advised various employees and others and took actions suggesting that Dr. Rifai was crazy, suffered from a mental impairment and was mentally unstable, and that, as a result, he was a threat to others and unable to safely perform the essential functions of his job." (Am. Compl. ¶ 87.) At this stage of the proceedings, and taking the facts in a light most favorable to Plaintiff, I find that Plaintiff set forth sufficient allegations that Defendants regarded Plaintiff as having a mental disability to

survive Defendants' Motion to Dismiss. Further, I also find that Plaintiff's Amended Complaint has sufficiently pled that Plaintiff's perceived disability was the cause of his termination, an adverse employment action, as Plaintiff's Amended Complaint alleges that "Defendants made the decision to terminate Dr. Rifai's employment because they regarded him as having a mental impairment and disability." (Am. Compl. ¶ 90.)

## V.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Amended Complaint is granted in part and denied in part.